DEVIN DERHAM-BURK, ESQ. #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE, ESQ. #256514
NANETTE DUMAS, ESQ. #148261
JANE Z. BOHRER, ESQ. #243692
P.O. BOX 50013
SAN JOSE, CA 95150-0013
TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE:<br><br>DAVID RUSSELL FOLEY,<br><br>                Debtor. | CHAPTER 13 CASE NO. 18-52539 MEH<br><br>MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 109(e)<br><br>Hearing Date: January 25, 2019<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. M. Elaine Hammond<br>Place: United States Bankruptcy Court<br>         280 S. First Street, Courtroom 3020<br>         San Jose, CA 95113 |

Devin Derham-Burk, the Standing Chapter 13 Trustee (the "Trustee"), hereby moves the Court for dismissal of this case pursuant to 11 U.S.C. § 109(e). In support of this motion the Trustee requests the Court to take judicial notice of its own files and records in this case. Fed R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed R. Bankr. P. 9017.

FACTUAL BACKGROUND

Debtor David Russell Foley (the "Debtor") filed this case on November 14, 2018.

According to the Debtor's original Schedule D, filed on December 10, 2018 [Docket #20], the secured debt in this case totals $4,016,900. None of the claims on Schedule D are marked as contingent or unliquidated.

Therefore, according to the Debtor's own schedules, the Debtor's secured debts exceed the statutory cap of 11 U.S.C. § 109(e), which causes the Debtor to be ineligible for chapter 13 relief.

## LEGAL ARGUMENT

A. <u>Dismissal Of This Case Is Appropriate Pursuant To 11 U.S.C. § 109(e)</u>.

Dismissal of a chapter 13 case is appropriate if the debts exceed the limits set forth in 11 U.S.C. § 109(e). <u>See</u> <u>In re Glance</u>, 487 F. 3d 317, 323 (6th Cir. 2007) (affirming that the bankruptcy court correctly dismissed a case in which the secured debt exceeded the debt limits of § 109(e)); <u>In re Mazzeo</u>, 131 F. 3d 295, 300 (2nd Cir. 1997) (affirming that the bankruptcy court correctly dismissed a case in which the unsecured debt exceeded the debt limits of § 109(e)).

§ 109(e) provides in pertinent part:

> Only an individual with regular income that owes, on the date of filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200 . . . may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e) (AWHFY, L.P. 2018).

Eligibility for chapter 13 under § 109(e) is normally determined by the amount of the debts on a debtor's originally filed schedules, checking only to see whether the debtor's schedules have been filed in good faith. <u>See</u> <u>In re Scovis</u>, 249 F.3d 975, 982 (9th Cir. 2001).

Here, because the Debtor's originally filed schedules demonstrate that the Debtor's secured debts substantially exceed the the secured debt limits of 11 U.S.C. § 109(e), the Debtor is not eligible to be a chapter 13 debtor.

## CONCLUSION

WHEREFORE, Devin Derham-Burk, the Standing Chapter 13 Trustee, requests the Court to dismiss this case.

Dated: December 13, 2018             Respectfully submitted,


/s/ Nanette Dumas
Attorney for Chapter 13 Standing Trustee