```
ARASTO FARSAD (SBN: 273118)
NANCY WENG (SBN: 251215)
FARSAD LAW OFFICE, P.C.
2905 Stender Way, Suite 76
Santa Clara, CA 95054
Telephone: 408-641-9966
Fax: 408: 866-7334
FarsadLaw1@gmail.com
nancy@farsadlaw.com

Attorney for Debtor(s)
```

# UNITED STATES BANKRUPTCY COURT
# NIORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>David R. Foley<br><br><br>    Debtor(s). | Case No. 18-52539 MEH<br>Chapter 13<br><br>DECLARATION OF NANCY WENG, ESQ. IN SUPPORT OF OPPOSITION TO MOTION FOR REVIEW AND DISGORGEMENT OF ATTORNEY'S FEES<br><br>Hearing Date: January 25, 2019<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. M. Elaine Hammond<br>Place: 280 S. First Street, Courtroom 3020<br>San Jose, CA 95113 |

I, Nancy Weng, of the FARSAD LAW OFFICE, P.C., am the attorney of record for David R. Foley ("Debtor") in the instant case. I have personal knowledge of the information contained herein and, if called upon to testify, I could and would competently do so. I declare as follows:

1.  On or about November 13, 2018, my office was retained by the Debtor to file bankruptcy in order to stop a non-judicial foreclosure of his real property located at 311 Santa Rosa Drive, Los Gatos, CA 95032 ("Property")

2.  With the minimal information provided after-office hours on November 13, 2018 (on the eve of foreclosure), I assisted the Debtor in this last-minute endeavor by preparing a

"skeletal" petition. Our office filed skeletal petition at approximately 8:00 a.m., November 14, 2018, to stop the foreclosure.

3. At the time of the emergency filing, I did not know the exact amounts of the Debtor's secured and unsecured debts. It was not a few days prior to December 10, 2018, when the balance of the schedules were due, that I received all of the Debtor's financials. I then learned that the Debtor actually owed a balance on the Property over 109(e) limits. At this time, I discussed with the Debtor the 109(e) problem and possible conversion of the case to one under Chapter 11 as the Debtor would not be able to continue with the Chapter 13. I also discussed many options available to the Debtor-one being reinstatement of the subject delinquent first mortgage loan in lieu of the Chapter 11.

4. As is clear from the graph below, I spent 10.5 hours responsibly attending to the legal needs of the Debtor: First, performing "triage" to stop the foreclosure; and Second) with the "legal tourniquet" in place providing sufficient time, I could now responsibly research and discuss the inappropriate nature of Debtor's Chapter 13 and the options before him.

5. For these legal services, I asked the Debtor for compensation in the amount of $2,155-**less than the entire no-look fee in San Jose**. Given that the Debtor received the benefit of saving his Property from foreclosure with his good faith intentions to reinstate his loan, the Debtor received more than reasonable value of the services provided.

6. The Trustee cites to 11. U.S.C. § 329 as the determinant section to determine whether fees exceed "the reasonable value of the services provided." Specifically "if a [a debtor's attorney's] compensation exceeds the reasonable value of [the services provided], the court may…..order the return of any such payment, to the extent excessive…."

Here, the Debtor came into my firm's office on the eve of foreclosure. Had his Property been foreclosed, the Debtor would have lost his Property as well as $700,000 in equity. I stayed late in the office until 9 p.m. to ensure that the skeletal filing would be prepared to be filed at 8:00 a.m. the next morning. I do not know what yardstick the Chapter 13 Trustee is using to determine that $2,155 is "excessive under the circumstances". Given that the Debtor received the benefit of saving his Property from foreclosure with his good faith intentions to reinstate his loan, the Debtor received more than reasonable value of the services provided. Counsel's normal billing rate is $300.00. The hours spent on this case thus far is:

| Date | Event | Hours | Total |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 11/13/2018 | Consult/skeletal petition preparation | 1 | 300 |
| 11/28/18 | Draft ex parte motion to extend time to file balance of schedules | .3 | 90 |
| 11/30/2018 | Review title report through third company for amount owed - $60 cost | 1.2 | 360 |
| 12/09/2018 | Review proof of claims filed | .3 | 90 |
| 12/10/2018 | Draft balance of schedules | 1.5 | 450 |
| 12/10/2018 | Review and sign with Debtor balance of schedules | 2 | 600 |
| 12/18/2018 | Meet with Debtor regarding conversion | 1 | 300 |
| 12/28/2018 | Review Trustee's Disgorgement Motion | .5 | 150 |
| 1/7/2019 | Respond to Trustee's Motion to Disgorge and declarations | 3 | 900 |
| Total | | 10.8 | 3,240 |

The Debtor has received reasonable value of services. By filing the bankruptcy petition, I helped the Debtor to stay a foreclosure sale and prevent the loss of hundreds of thousands of dollars worth of equity from foreclosure. The bankruptcy is giving the Debtor time to either reinstate his loan and become current, or convert to Chapter 11. I worked diligently with the Debtor to discuss his options to save his Property. At present, if charging by the regular rate, the

Debtor would have spent $3,240.  Instead, the Debtor has only paid $2,155.  Therefore, I believe, the Debtor has received more than reasonable value of services for which he paid and disgorgement is inappropriate.

7. The Trustee's Application for Disgorgement cites *Hale v. United States Trustee (In re Basham),* 208 B.R. 926, 931 (9th Cir. B.A.P. 1997) as setting forth the standard by which a court should determine reasonableness of fees and in support of the Trustee's Application.  However, I believe, the facts in *Hale* are completely inapposite to the instant facts in this case.  The only service attorney Hale provided to Debtors was completion of a Chapter 7 bankruptcy petition (not a Chapter 13) that was <u>incomplete and erroneous</u> and requiring extensive amendments.  The *Hale* attorney also had the Debtors file Pro Per in their case.  Hale failed to inform Debtors about the bankruptcy process, obtain their informed consent to his limited representation, or notify them about the impending meeting of creditors (or provide any other necessary information to the Debtors, for that matter).  Instead, Hale attempted to persuade them to dismiss their petition without explaining why or how it would affect their rights.  Debtors ultimately paid $1000 to correct and supplement the work that Hale performed.  The bankruptcy court did not abuse its discretion in disgorging Hale of his attorney fees.

8. None of the facts in *Hale* apply to this case.  None.  My office filed this petition for the Debtor as an emergency basis on the eve of foreclosure.  Because of the complex nature of the Debtor's case and in order to perform due diligence, I obtained an Order to Extend Time to file the balance of the schedules in order to:

   a. obtain more information and review Debtor's financials in detail;
   b. contact the IRS/FTB to obtain tax transcripts;
   c. run a preliminary title report for the Debtor's Property and paid $60 out of pocket to determine the amount of the claims and research the possibility of other liens;
   d. file the balance of the petition; and
   e. have a lengthy meeting with the Debtor to explain the different chapters of bankruptcy and options available to the Debtor.  (e.g., I explained a "worst case scenario" of a "sale" plan option in a Chapter 11 in order to not lose $700,000 in the Property's equity)

As a result, I was able to halt the rush to foreclosure of the Debtor's Property that would allow reasonable and responsible assessment of the Debtor's options under bankruptcy

protection.  For these services, I disagree with the Chapter 13 Trustee's assessment that I charged fees that "exceed the reasonable value of the services provided".  I do not believe being charged nearly two-thirds **less** than regular rates in order to preserve one's home and retain well more than one-half million dollars in equity can be seen as excessive by any stretch of the imagination.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Dated: January 9, 2019

/s/ Nancy Weng
Nancy Weng, Esq.
Attorney for Debtor