DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE #256514
NANETTE DUMAS #148261
JANE Z. BOHRER #243692
P. O. BOX 50013
SAN JOSE, CA 95150-0013
Telephone: (408) 354-4413
Facsimile: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE:<br><br>DAVID RUSSELL FOLEY,<br><br>Debtor. | CHAPTER 13 CASE NO. 18-52539 MEH<br><br>**REPLY TO OPPOSITION TO MOTION FOR REVIEW AND DISGORGEMENT OF ATTORNEY'S FEES**<br>**(with attached Certificate of Service)**<br><br>Hearing Date: January 25, 2019<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. M. Elaine Hammond<br>Place: 280 S. First Street, Courtroom 3020<br>              San Jose, CA 95113 |

Devin Derham-Burk, Standing Chapter 13 Trustee (the "Trustee"), submits this reply to the Opposition To Motion For Review And Disgorgement Of Attorney's Fees (the "Opposition") filed on January 9, 2019 [Docket #31] by attorney Nancy Weng of the Farsad Law Office, P.C. ("Counsel").

According to the Opposition, the skeletal bankruptcy petition in this case was filed on November 14, 2018 on an emergency basis to stop a foreclosure sale of the home of debtor David Russell Foley (the "Debtor"). Opposition, p. 1, ll. 24-26.

The Debtor paid a $2,155 pre-petition retainer to Counsel in November 2018 [exact date

not specified]. See Statement of Financial Affairs, q. 16, filed December 10, 2018 [Docket #21]; see also Statement Pursuant To Rule 2016(b) filed December 10, 2018 [Docket #18].

The Debtor filed his schedules on December 10, 2018, including Schedule D, which indicates that the Debtor's noncontingent, liquidated secured debt totals $4,016,900, including a debt of $4 million on the Debtor's residential real property. Therefore, the record shows that by December 10, 2018 at the very latest Counsel was aware that the Debtor was not eligible to be a chapter 13 debtor, because his secured debts far exceeded the debt limits of 11 U.S.C. section 109(e).

On December 13, 2018 the Trustee filed the Motion To Dismiss Case Pursuant To 11 U.S.C. section 109(e) (the "Motion To Dismiss") [Docket #25] based on the Debtor's ineligibility to be a chapter 13 debtor.

In addition, on December 26, 2018 the Trustee filed the Trustee's Objection To Confirmation [Docket #27], based primarily on the Debtor's ineligibility to be a chapter 13 debtor pursuant to section 109(e).

On December 27, 2018 the Trustee filed the Motion For Review And Disgorgement Of Attorney's Fees [Docket #28] on the assumption that by then Counsel was well aware that the Debtor's secured debts exceeded the debt limit and caused him to be ineligible for chapter 13.

To date, no opposition to the Motion To Dismiss has been filed, nor has the Debtor filed a motion to voluntarily convert this case to a different chapter of the Bankruptcy Code.

The only activity in this case since the filing of the Motion To Dismiss and the Motion For Review And Disgorgement Of Attorney's Fees is the filing of the Opposition by Counsel.

According to the Opposition, Counsel was not aware until December 10, 2018 that the Debtor was ineligible for chapter 13. Opposition, p. 2, ll. 7-10. On that date, Counsel and the

Debtor discussed the section 109(e) problem and the possibility of conversion to chapter 11. Opposition, p. 2, ll. 10-13. However, instead of converting the case, it appears that a decision was made to remain in chapter 13 for the time being despite the Debtor's ineligibility. Opposition, p. 3, ll. 4-7.

Counsel argues that filing the chapter 13 case on an emergency basis and saving the Debtor's home from foreclosure justifies her fee. Counsel further argues that she did not charge the Debtor at her full billing rate, and that had she done so she would be entitled to $3,240 in fees.

Assuming that all of the representations in the Opposition and Counsel's supporting declaration are true, once the Debtor's bankruptcy schedules were filed on December 10, 2018, Counsel and the Debtor unquestionably knew that the Debtor was ineligible for chapter 13. At that point, as an officer of the Court, Counsel should have promptly taken steps to convert this case to another chapter. See, e.g., Hickman v. Taylor, 329 U.S. 495, 510 (1947) ("a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients"). Had Counsel done so, the Trustee would have understood the situation and would not have filed the Motion For Review And Disgorgement Of Attorney's Fees. Instead, however, when it came to light that the Debtor was ineligible for chapter 13, Counsel did not convert the case. On the contrary, Counsel candidly and unabashedly admits that "[t]he bankruptcy is giving the Debtor time to either reinstate his loan and become current, or convert to Chapter 11." Opposition, p. 4, ll. 22-23. In other words, even assuming that at the outset of the case Counsel acted with "unparalleled professionalism" on an emergency basis to halt a foreclosure (Opposition, p. 6, l. 2), Counsel is now simply using the bankruptcy system as a means to play for time, even though she became aware that the Debtor is

not eligible for chapter 13 on December 10, 2018 at the very latest.

Counsel's failure to convert the case once she became aware of the eligibility problem should not be simply excused or written off as zealous advocacy. The Debtor would have had all of the same bankruptcy protections and would have been no worse off if the case had been converted to chapter 11 on December 10, 2018, except that he would have had to pay a $932 conversion fee. The Trustee submits that despite the added expense to the Debtor, this was the proper way to handle the situation – and conversion would still have been considerably less expensive than filing a chapter 11 case in the first place.

Based on the foregoing, the Trustee respectfully requests the Court to order Counsel to disgorge all or a portion of her $2,155 pre-petition retainer, or for such other relief as the Court deems appropriate.

Date: January 19, 2019    Respectfully submitted,

/s/ Nanette Dumas
Attorney for the Chapter 13 Trustee

**CERTIFICATE OF SERVICE BY MAIL**
**[B.R. 7005, F.R.C.P. 5, B.L.R. 9013-3(c)]**

I am not less than 18 years of age and not a party to the within case. My business address is 983 University Avenue, Los Gatos, California. I am familiar with the processing of correspondence for mailing with the United States Postal Service. Correspondence placed in the internal mail collection system at the Office of Devin Derham-Burk, Chapter 13 Standing Trustee is deposited with the United States Postal Service that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

On January 19, 2019 a true and accurate photo-copy of the following described documents,

**REPLY TO OPPOSITION TO MOTION FOR REVIEW AND DISGORGEMENT OF ATTORNEY'S FEES**

were placed for service, in the Trustee's internal mail collection system, in a sealed envelope to be delivered by mail with the United States Postal Service with postage prepaid, postage addressed as follows:

| | |
|---|---|
| **David Russell Foley**<br>311 Santa Rosa Drive<br>Los Gatos, CA 95032<br><br>DEBTOR | **Nancy Weng, Esq.**<br>Tsao-Wu and Yee, LLP<br>99 N 1st St. #200<br>San Jose, CA 95113<br><br>COUNSEL FOR DEBTOR |

1 | I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct and that this declaration was executed on January 19, 2019, at Los Gatos, California.

/s/ Nanette Dumas

FOLEY, 18-52539 MEH    REPLY TO OPPOSITION TO MOTION FOR REVIEW OF FEES    Page **6** of **6**

Case: 18-52539    Doc# 36    Filed: 01/19/19    Entered: 01/19/19 16:58:48    Page 6 of 6

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct and that this declaration was executed on January 19, 2019, at Los Gatos, California.

/s/ Nanette Dumas